UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | DOCKET NO. 1:21CR19-2 |
| v. | ) | |
| | ) | **FACTUAL BASIS** |
| (2) ELENILSON CERON | ) | |

NOW COMES the United States of America, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, and files this Factual Basis in support of the Plea Agreement filed simultaneously in this matter.

This Factual Basis is filed pursuant to Local Criminal Rule 11.2 and does not attempt to set forth all of the facts known to the United States at this time. By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to the Plea Agreement, and that the facts set forth in this Factual Basis are sufficient to establish all of the elements of the crimes. The parties agree not to object to or otherwise contradict the facts set forth in this Factual Basis.

Upon acceptance of the plea, the United States will submit to the Probation Office a "Statement of Relevant Conduct" pursuant to Local Criminal Rule 32.4. The defendant may submit (but is not required to submit) a response to the Government's "Statement of Relevant Conduct" within seven days of its submission. The parties understand and agree that this Factual Basis does not necessarily represent all conduct relevant to sentencing. The parties agree that they have the right to object to facts set forth in the presentence report that are not contained in this Factual Basis. Either party may present to the Court additional relevant facts that do not contradict facts set forth in this Factual Basis.

*Background*

1. Beginning on a date unknown to the United States Attorney, and continuing until at least November 20, 2019, in Avery County, within the Western District of North Carolina, and elsewhere, the defendants, JENNIFER PARDO and ELENILSON CERON, conspired with each other, and with others known and unknown to the United States Attorney, to commit the offense of bank fraud, as proscribed by Title 18, United States Code, Section 1344, and to commit various other federal offenses.

2. To accomplish their objective, PARDO, CERON, and their co-conspirators stole checks, financial documents, medical documents, and other personal identifying information from acquaintances and community members. In some instances, PARDO, CERON, and their co-conspirators stole such information from mailboxes. In other instances, they stole such information from vehicles, or from the homes or computers of friends and family members.

3. Then, PARDO, CERON, and their co-conspirators used the stolen personal identifying information to defraud banks and other financial institutions. For example, they opened bank accounts and credit accounts in their victims' names, and they took out personal loans with high interest rates using their victims' personal identifying information.

## Object of the Conspiracy

4. As set forth above, the object of the conspiracy was to use stolen personal identifying information to defraud banks and other financial institutions into providing loans and other financial products to PARDO, CERON, and their co-conspirators, in violation of Title 18, United States Code, Section 1344 and other federal criminal laws.

## Manner and Means

5. The first step in the scheme was that PARDO, CERON, and their co-conspirators would steal checks, financial documents, medical documents, and other personal identifying information from acquaintances and community members, so that they could use the stolen personal identifying information to defraud the banks and other financial institutions.

6. PARDO, CERON, and their co-conspirators accomplished this first step in various ways. In some instances, they would steal such documents from mailboxes. In other instances, they would steal such documents from parked vehicles, or from the homes or friends and family members.

7. PARDO and CERON themselves participated in this aspect of the conspiracy on several occasions. For example:

   a. On numerous occasions, PARDO and CERON, working together, drove around their area stealing mail from mailboxes.

   b. On or before October 25, 2019, in Avery County, North Carolina, PARDO accessed the computer and phone of VICTIM 1 without

2

permission, and stole usernames, passwords, and other identifying information from VICTIM 1.

c. On or before November 8, 2019, in Avery County, North Carolina, PARDO and CERON broke into a vehicle belonging to a VICTIM 2 and stole a United Community Bank checkbook from that vehicle.

d. On or before November 29, 2019, in Union County, North Carolina, CERON burglarized the home of VICTIM 3, and stole a laptop, car titles, credit cards, and mail items from the home of VICTIM 3.

8. The second step in the scheme was that PARDO, CERON, and their co-conspirators would use the information they stole from their victims to fraudulently open accounts and take out loans from banks and other financial institutions. For example:

   a. On or about October 25, 2019, PARDO used personal identifying information stolen from VICTIM 1, without VICTIM 1's knowledge or consent, to fraudulently open an account with Chase Bank, which is a "financial institution" as defined by 18 U.S.C. § 20.

   b. PARDO then took out a $5,300.00 personal loan, with a payment amount of $223.37/month for 36 months, and an APR of approximately 34%, and set up automatic payments for the loan from the fraudulent Chase account she had opened in VICTIM 1's name.

   c. On or about November 10, 2019, PARDO and CERON attempted to deposit $450.00 in the Chase account PARDO had opened in VICTIM 1's name, and which PARDO controlled, using a check stolen from VICTIM 2 and drawn on VICTIM 2's United Community Bank account. United Community Bank is a "financial institution" as defined by 18 U.S.C. § 20.

*Aggravated Identity Theft*

9. On numerous occasions, PARDO and CERON used their victims' names and other means of identification, without their victims' knowledge and consent and without lawful authority, during and in relation to the conspiracy to commit bank fraud described in Paragraphs 1 through 9 above.

10. For example, PARDO and CERON's use of VICTIM 1 and VICTIM 2's names and other means of identification, during and in relation to the bank fraud

3

described in Paragraph 9, above, occurred without the knowledge or consent of VICTIM 1 and VICTIM 2 and without lawful authority, and therefore violated Title 18, United States Code, Section 1028A(a)(1).

*Conclusion*

11. CERON admits that all of the facts set forth herein are true, and therefore admits to being guilty of the offenses charged in Counts One and Two of the Bill of Information.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

_____
DANIEL V. BRADLEY
ASSISTANT UNITED STATES ATTORNEY

Defendant's Counsel's Signature and Acknowledgment

I have read this Factual Basis, the Bill of Information, and the Plea Agreement in this case, and I have discussed them with the Defendant. Based on those discussions, I am satisfied that the defendant understands the Factual Basis, the Bill of Information, and the Plea Agreement. I hereby certify that the Defendant does not dispute this Factual Basis.

_____  DATED: 3/25/2021
James W. Kilbourne, Jr., Attorney for Defendant

4